KATHY A. DOCKERY
CHAPTER 13 TRUSTEE
801 S. FIGUEROA ST., SUITE 1850
LOS ANGELES, CA 90017
PHONE: (213) 996-4400
FAX: (213) 996-4426

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| IN RE:<br><br>MOISES IVAN AGUILERA<br><br><br><br><br><br>DEBTOR(S). | Case No: LA22-11833-SK<br><br>CHAPTER 13<br><br><br>**TRUSTEE'S OBJECTIONS TO PLAN CONFIRMATION; DECLARATION IN SUPPORT THEREOF; AND NOTICE RE: EFFECT OF FAILURE TO APPEAR AT CONFIRMATION HEARING**<br><br>DATE:     July 26, 2022<br>TIME:     10:00 am<br>PLACE:   ROYBAL BUILDING<br>              255 EAST TEMPLE STREET<br>              Courtroom 1575 15th Floor<br>              LOS ANGELES, CA 90012 |

TO THE HONORABLE SANDRA R. KLEIN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND ALL PARTIES IN INTEREST:

The Chapter 13 Standing Trustee (the "Trustee") hereby objects to confirmation of the plan in that the Debtor(s) has failed to meet all of the mandatory requirements set forth under 11 U.S.C. §1325. The Trustee's Objections are set forth in detail in Exhibit "A" of the attached Declaration in Support of the Trustee's Objections to Confirmation. The Objections are based on information as known to the Trustee as of the §341(a) Meeting of Creditors (The "Meeting"). The Trustee reserves the right to raise additional objections.

Unless otherwise specified at the Meeting, the Trustee requests that the debtor(s) provide any new or amended documents no later than five days after the Meeting. Pursuant to 11 U.S.C. §521(3), the debtor(s) is required to cooperate with the Trustee.

**THE FAILURE OF THE DEBTOR(S) OR THE ATTORNEY FOR DEBTOR(S), TO APPEAR AT THE CONFIRMATION HEARING IS CAUSE FOR DISMISSAL OR CONVERSION OF THE CASE UNLESS**

THE DEBTOR(S) OR THE ATTORNEY FOR DEBTOR(S) IS EXCUSED BY THE TRUSTEE OR BY A COURT ORDER PURSUANT TO L.B.R. 3015-1(d).

THE DEBTOR(S) AND ATTORNEY FOR DEBTOR(S), IF ANY, ARE ALSO ADVISED THAT THE CASE MAY BE DISMISSED OR CONVERTED AT THE CONFIRMATION HEARING IF ALL PLAN PAYMENTS AND THE DECLARATION SETTING FORTH POST-PETITION PRECONFIRMATION DEED OF TRUST PAYMENTS (OFFICIAL FORM F3015-1.4) ARE NOT TENDERED TO THE TRUSTEE PRIOR TO THE DULY NOTICED HEARING TIME.

WHEREFORE, the Standing Trustee respectfully requests that confirmation of the plan be denied.

DATED: 6/14/2022

_____
KATHY A. DOCKERY, Chapter 13 Trustee

**DECLARATION OF KATHY A. DOCKERY**

I, Kathy A. Dockery, declare as follows:

1. I am the standing Chapter 13 Trustee in this matter and by virtue thereof, I have personal knowledge of files and records kept by my office in the regular course of business. I have personally reviewed the files and records kept by my office in the within case. The following facts are true and correct and within my own personal knowledge and I could and would testify competently thereto if called to do so.

2. The Trustee objects to confirmation of the proposed Plan due to the following deficiencies all of which existed prior to or at the time of the §341(a) Meeting(s) held in this matter. A true and correct copy of the Trustee's Objections in this matter is attached hereto and incorporated herein by reference as Exhibit "A".

3. The Debtor(s) is requested to provide the documents and information set forth in Exhibit "A".

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 6/14/2022

_____
KATHY A. DOCKERY, Chapter 13 Trustee

EXHIBIT A

## Trustee Objections

If the debtor(s) fails to produce the documents and resolve the issues set forth in this trustee's objection to confirmation, the trustee may recommend dismissal or conversion of the case for cause and unreasonable delay that is prejudicial to creditors.  See 11 U.S.C. §§1307(c) and 1307(c) (1).

### BANKRUPTCY PAYMENTS DUE AT CONFIRMATION

Bankruptcy Payments due at confirmation must be mailed to the Trustee's lockbox prior to the confirmation hearing.  The Debtor or Attorney must present the Plan Payment Declaration with an attached copy of the bankruptcy payment and a certified proof of mailing at the confirmation hearing.  The Trustee's lockbox address is as follows:

**Chapter 13 Trustee**
**P.O. Box 691**
**Memphis, TN 38101-0691**

If you do not have evidence that your bankruptcy payments are current, your case may be dismissed at the confirmation hearing.

*Other issues may arise at or before confirmation requiring additional action or information by the debtor and debtor's counsel.*

## *RESPONSES TO THE TRUSTEE'S OBJECTIONS ARE DUE ON May 16, 2022*

*Responses to the Trustee's Objections must be uploaded to our website latrustee.com on the tab T.R.U.  If your firm is not registered for T.R.U., email our office at tru@latrustee.com for a user name and password for your firm.*

**All documents that are required to be filed with the Bankruptcy Court must be uploaded to PACER prior to submittal to the Trustee's website.**

| No. | OBJECTION | Amendment or Documentation Requested |
|---|---|---|
| | The Plan | |
| 1. | The Trustee requests that the Debtor's(s') proposed plan provide for the issuance of a payroll deduction order without further court order upon the Debtor becoming delinquent by two or more plan payments. The Debtor is also requested to check off the box in Part 1) 1.4 of the Plan to say "included" for other non-standard provisions.  The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). | **Plan: Other Nonstandard Provisions Plan: Part 1, 1.4** |
| 2. | The Debtor is requested to file a plan which only checks off Box (a) "Percentage Plan"  and Box (b) "Residual Plan" in Part 2, Section I, Paragraph (B)(1) of the plan in order to require plan payments for the full Applicable Commitment Period and to provide for the minimum percentage and dollars required to be paid to the nonpriority unsecured creditors due to the Monthly Disposable Income result under the chapter 13 means test and the liquidation analysis result.  See 11 U.S.C. §1325(b)(3) and (b)(4); see In re: Flores 735 F.3d 855 (9th Cir. 2013)(en banc);  See 11 U.S.C. §1325(a)(4). The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. Cusano v. Klein, 264 F.3d 936, 946 (9th Cir. 2001); In re Mohring, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992).  The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(a)(3) and F.R.B.P. 4002(a)(4). | **Plan** |
| 3. | The Plan fails to provide a dividend at least equal to what a class five creditor would receive in a chapter 7 bankruptcy due to the fair market value of the Debtor's real and personal properties.
11 U.S.C. § 1325(a)(4). | **Plan** |

Moises Ivan Aguilera
2211833
6/14/2022 3:20:15 PM

| | | |
|---|---|---|
| 4. | The Debtor(s) is requested to resolve the objection by VW Credit Leasing for a 2021 Volkswagen vehicle. The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). The Debtor has the burden of proof for plan confirmation. See *In re: Hill* 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001). | **Plan** |
| 5. | Debtor(s) is requested to provide a declaration regarding the basis and the source of income for the increase to proposed plan payments in months 13, 25, 37, 49 and 60 of the plan. The Debtor is also requested to provide evidence of the source of such income to fund the higher monthly plan payments. The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). | **Declaration Evidence of Income** |
| 6. | The Trustee objects to the monthly voluntary retirement contribution when the Debtor proposes a less than 100% Plan per 9th Circuit BAP case, In re Parks. The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). The Debtor has the burden of proof for plan confirmation. See In re: Hill 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001). | **Plan** |
| | **Statement of Current Monthly Income And Calculation of Commitment Period and Disposable Income** | |
| 7. | The Debtor is requested to produce evidence of all income received during the 6 months prior to the month the case was filed. The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(a)(3) and F.R.B.P. 4002(a)(4). | **Paystubs for period from September, 2021 through February, 2022** |
| | **Income (Schedule I)** | |
| 8. | The Debtor(s) has failed to commit all disposable income to the Plan in that the income is understated on Schedule I.<br><br>The Debtor(s) is requested to accurately disclose his net monthly income on Schedule I. Per year-to-date average from the paystub dated 3/24/22, the monthly net income is $10,980.67. The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). The Debtor has the burden of proof for plan confirmation. See In re: Huerta 137 B.R. 356, 365 (Bkrtcy.C.D.Cal., 1992), In re: Wolff 22 B.R. 510, 512 (9th Cir. BAP (Cal.) 1982), In re: Hill 268 B.R. 548, 552 (9th Cir.BAP (Cal.), 2001). | **Income Analysis**<br><br>**Or –**<br><br>**Amended Schedule I to accurately disclose net income** |
| | **Expenses (Schedule J)** | |
| 9. | The Debtor(s) is requested to provide evidence that the following expense(s) is reasonably necessary for the maintenance and support of the Debtor(s) and, if applicable, the Debtor's dependents:<br><br>- Electricity, heat, natural gas<br>- Food and housekeeping supplies<br>- Personal care products and services<br>- Medical and dental expenses<br>- Assistance for parents<br>- Education for employment<br><br>The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). The Debtor has the burden of proof for plan confirmation. See *In re: Hill* 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001 | **Cancelled Checks or Invoices for 3 months prior to filing bankruptcy** |
| | **Assets (Schedules A,B,C)** | |
| 10. | If the Debtor(s) files a plan or amended plan which provides for less than a 100% dividend to Class 5 Creditors, the Debtor(s) is requested to provide evidence of the current fair market value of all real property the Debtor(s) discloses on Schedule A/B. The Debtor has the burden of proof for plan confirmation. See *In* | **Evidence of Real Property Valuation**<br><br>**Evidence can include** |

| | | |
|---|---|---|
| | *re: Hill* 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001); the Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). | any of the following:<br>▪**Broker Price Opinion**<br>▪**Appraisal**<br>▪**Online Appraisal**<br>▪**Evidence of Prior Sales** |
| Liabilities (Schedules D,E,F,G) | | |
| 11. | The Debtor is requested to provide a declaration explaining what the following loans incurred in 2021 were used for:<br>- Karl Heltsley<br>- Lafayette Federal Credit Union, account number ending in 0021<br><br>The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). | **Declaration and Accounting of Funds with proof** |
| Statement of Financial Affairs | | |
| 12. | The Debtor(s) has failed to disclose his prior address during the last 3 years from the filing of this case.  See 11 U.S.C. §521(1); The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | **SOFA, Part 1** |
| Miscellaneous Objections | | |
| 13. | The Debtor(s) is requested to provide appropriate evidence of all required plan payments which have come due prior to the date and time of the scheduled confirmation hearing pursuant to the Trustee's policy and Local Bankruptcy Rules 3015-1(k) et seq. and 3015-1(m) et seq.<br><br>***Electronic plan payments made through TFS must be submitted 5 days before the Confirmation Hearing.  Any TFS payments submitted less than 6 days prior to the Confirmation Hearing may not be deemed evidence of the required plan payment.***<br><br>**Failure to timely submit plan payments including electronic payments may be cause for dismissal or conversion of the case to a case under chapter 7 pursuant to 11 U.S.C. Section 1307(c) and Local Bankruptcy Rule 3015-1(k)(4) and 3015-1(m)(8).** | **Evidence of Plan Payments including Proof of Mailing**<br><br>**Evidence of Electronic Payments with date of the transaction** |
| 14. | The Debtor is requested to produce a copy of the most recent 401(k) loan statement. The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4).  The Debtor has the burden of proof for plan confirmation.  See *In re: Huerta* 137 B.R. 356, 365 (Bkrtcy.C.D.Cal., 1992), *In re: Wolff* 22 B.R. 510, 512 (9th Cir. BAP (Cal.) 1982), *In re: Hill* 268 B.R. 548, 552 (9th Cir.BAP (Cal.), 2001). | **401(k) Loan Statement** |